WILMERHALE

December 5, 2013

S. Calvin Walden

+1 212 937 7215 (t)
+1 212 230 8888 (f)
calvin.walden@wilmerhale.com

**VIA ECF**

Honorable Harold Baer, Jr.
United States District Court
500 Pearl Street
Chambers 2230
New York, New York 10003

Re:  *T-JAT Systems 2006 Ltd. v. Amdocs Software Systems Limited, et al.*, No. 1:13-cv-05356

Dear Judge Baer:

As the Court is aware, Plaintiff T-Jat Systems 2006 Ltd. ("T-Jat") has moved for sanctions and an anti-suit injunction to bar litigation currently pending in Israel. After oral argument before the Court on T-Jat's motion, the defendants in the Israeli action filed a motion to dismiss in that action. In their motion to dismiss, the Israeli defendants asserted several defenses to the Israeli action, based on Israeli law. A translated version of their motion is attached to this letter as Exhibit 1.

The Israeli defendants' motion underscores why it is inappropriate for T-Jat to ask this Court to grant an anti-suit injunction. It demonstrates that the parties in Israel—which are different than parties before this Court—are actively litigating in Israel. (For example, the Israeli plaintiff, Amdocs Software Limited, intends to file an opposition to the motion.) The arguments in the motion also show that the defendants have recourse to a full panoply of factual and procedural defenses under Israeli law. As their motion demonstrates, should the defendants in Israel believe that the litigation is without merit or was filed in bad faith, the appropriate location for relief is the Israeli courts. *See LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 200 (2d Cir. 2004) (finding that foreign claims properly brought in a foreign tribunal should be decided by that tribunal).

Defendants Amdocs Software Systems Limited, Amdocs Limited, and Amdocs Inc. (collectively "Amdocs") respectfully requests that the Court deny T-Jat's motion for a finding of contempt and sanctions and for an anti-suit injunction.

Respectfully submitted,

/s/ S. Calvin Walden

S. Calvin Walden

Attachment