

December 6, 2013

Honorable Harold Baer, Jr.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*T-Jat Systems 2006 Ltd. v. Amdocs Software Systems Limited, et al.*
1:13-CV-05356 (HB)

Dear Judge Baer:

Respondents' counsel's most recent letter to you dated December 5, 2013 (Dkt. No. 82) compels us to respond in order to correct their misleading assertions. As the Court may recall, issue had already been joined in the arbitration before Amdocs initiated a duplicative lawsuit in Israel on or about October 22, 2013. This was done after the Court had compelled arbitration of the entire matter, and after the Court found T-Jat likely to succeed on the merits of its claims on its TRO application.[1]

Notwithstanding the pendency of the arbitration, Amdocs brought a substantially identical action in Israel against T-Jat Ltd., Gideon Drori and Oleg Golobrodsky (collectively, "T-Jat"). We promptly (on October 28, 2013) applied to this Court for relief from this vexatious litigation and oral arguments were held soon thereafter, where the Court reserved judgment and has yet to issue a decision. As you have now seen from the authorities in our papers, the naming of affiliated corporate entities in the Israeli action does not alter the core fact that the Israel action is substantively identical to the arbitration in New York, and the ploy of adding Mr. Drori and Dr. Golobrodsky as defendants in Israel fails because (however it may be labeled) the claim against them is that *they filed these actions in the U.S.* In any event, if Amdocs wants to continue an action against the individuals in Israel, let it do so, or, as we invited in our papers, Mr. Drori and Dr. Golobrodsky will litigate the matter here. The point is that the

---

[1] As noted in Petitioner's memorandum of law in support of its motion for an anti-suit injunction, the finding of likelihood of success on the merits defeats Defendants' claims in the Israel action insofar as they consist of allegations that Petitioner's litigation in this Court was brought in bad faith.

1 Penn Plaza, Suite 2527 · New York, NY 10119
Phone 212-244-4111 · Fax 212-563-7108 · Email info@shiboleth.com

*corporate* entities agreed to arbitration in New York, and the corporate dispute belongs in the agreed venue. Our authority on that point is unassailable.

Amdocs cannot be suggesting to this Court that in order for T-Jat to succeed on its motion here, it should have defaulted on its answer in Israel. Indeed, contrary to Amdocs's letter, the above-described events further demonstrate the need for anti-suit injunction relief as soon as reasonably possible. We are prepared to address this matter further if the Court deems it necessary.

Very truly yours,

*Charles B. Manuel, Jr.*

Charles B. Manuel, Jr.

cc:   Counsel for Amdocs