WILMERHALE

July 18, 2014

S. Calvin Walden

+1 212 937 7215 (t)
+1 212 230 8888 (f)
calvin.walden@wilmerhale.com

*Via ECF*

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re:  *T-Jat Systems 2006 Ltd. v. Amdocs Software Systems Limited, et al.*, No. 1:13-cv-05356

Dear Judge Furman:

I write on behalf of Defendants Amdocs Software Systems Limited, Amdocs Limited, and Amdocs, Inc. (collectively "Amdocs"), pursuant to your Order of July 11, 2014, directing the parties to submit a letter updating the Court on the status of this case.

Plaintiff T-Jat Systems 2006 Ltd. ("T-Jat") initiated this case by filing a petition seeking certain preliminary relief, including a temporary restraining order, against Amdocs.  T-Jat's claims arose out of a license agreement with Amdocs, and the license agreement required the parties to arbitrate any claims between them.  Following resolution of T-Jat's motion for preliminary relief, the Court granted Amdocs' unopposed motion to compel arbitration of all claims against it.  (*See* Docket No. 33).

The parties conducted a two-week arbitration earlier this year, and the arbitrator issued a Final Award on April 18, 2014, resolving all claims between T-Jat and Amdocs.  The American Arbitration Association ("AAA") International Centre for Dispute Resolution ("ICDR") has officially closed the case.  Today is the last day for T-Jat to move to vacate, modify or correct the award in this Court under the Federal Arbitration Act.[1]  *See* 9 U.S.C. § 12.  T-Jat's new counsel indicated yesterday that it would be filing such a motion.  It is Amdocs' position that the arbitrator's decision was correct, and any such motion—given the deference accorded to an arbitrator's decision and award—would be meritless.  *See, e.g.*, *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 120-21 (2d Cir. 1991).  To the extent T-Jat does not file a motion,

---

[1]  On May 16, 2014, T-Jat made an application to the arbitrator for correction of the Final Award.  On June 5, 2014, the arbitrator denied T-Jat's application.  This decision is not part of the Final Award and, therefore, does not toll the time period for moving to vacate the Final Award.  *Oberwager v McKechnie Ltd.,* No. 06-2685, 2007 WL 4322982, at *5-*7 (E.D. Pa. Dec. 10, 2007) (finding arbitrator's decision denying request for interpretation of final award under ICDR Rules not to be part of final award, and thus party's subsequent challenge to final award to be untimely).

WILMERHALE

Hon. Jesse M. Furman
July 18, 2014
Page 2

there are no currently pending claims—nor any operative complaint—against any party in this Court.  Accordingly, Amdocs requests that this case be closed.

**1. Names of counsel and current contact information, if different from the docket.**

Counsel for Amdocs in this matter are:

>S. Calvin Walden (calvin.walden@wilmerhale.com)
>Sanket J. Bulsara (sanket.bulsara@wilmerhale.com)
>Violetta G. Watson (violetta.watson@wilmerhale.com)
>Wilmer Cutler Pickering Hale and Dorr LLP
>7 World Trade Center
>250 Greenwich Street
>New York, NY 10007
>(212) 230-8000 (phone)
>(212) 230-8888 (fax)[2]

Counsel for T-Jat include:

>Charles B. Manuel, Jr. (charlesm@shiboleth.com)
>Daniel Steven Goldstein (danielg@shiboleth.com)
>Shiboleth LLP
>One Penn Plaza
>New York, NY 10119
>(212)-244-4111 (phone)
>(212)-563-7108 (fax)

>Baruch Weiss (baruch.weiss@aporter.com)
>Arnold & Porter LLP
>555 Twelfth Street, N.W.
>Washington, DC 20004
>(202) 942-6819 (phone)
>(202) 942-5999 (fax)

---

[2] Amdocs was initially represented by the law firm of K&L Gates LLP before the District Court.  WilmerHale was retained to represent Amdocs in the arbitration.  On October 31, 2013, Judge Engelmayer recused himself from the District Court litigation, and it was re-assigned to Judge Baer.  (Docket No. 71.)  Since that date, WilmerHale has represented Amdocs in both proceedings.

**WILMERHALE**

Hon. Jesse M. Furman
July 18, 2014
Page 3

Defendant Singapore Telecommunications Limited ("SingTel") is no longer a party to this matter, having been dismissed without prejudice on October 30, 2013. (Docket No. 70.)

   2. **A brief statement of the nature of the case and/or the principal defenses thereto.**

Amdocs is a leading, international software provider headquartered in Israel. In 2010, Amdocs entered into an agreement with telecommunications provider SingTel, to develop a mobile software application called "LoopMe." Amdocs retained the services of several third-party subcontractors, including T-Jat, to develop certain software features for LoopMe. In January 2012, Amdocs and T-Jat executed an OEM License and Services Agreement ("OEM Agreement"). (*See* Docket No. 18-3.) The OEM Agreement contains a dispute resolution clause requiring disputes "arising under or in connection with" the OEM Agreement to be arbitrated. (*Id.* at ¶ 13(n).)

On July 30, 2013, T-Jat petitioned this Court for preliminary injunctive relief against Amdocs and SingTel, alleging breach of contract, copyright infringement, and trade secret misappropriation, among other things. (Docket No. 9, ¶¶ 109-162.) On September 9, 2013, Amdocs filed an unopposed motion to compel arbitration (Docket No. No. 26), which this Court granted on September 13, 2013 (Docket No. 33).[3] All of the claims originally alleged in District Court were stayed pending arbitration (Docket No. 53) and were ultimately raised and decided in arbitration. On April 18, 2014, following an evidentiary hearing and pre- and post-hearing submissions, arbitrator Tobey Marzouk issued a Final Award which, under ICDR rules and the OEM Agreement, is confidential.

   3. **A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed.**

There are no previously scheduled conference dates with the Court that have not yet occurred.

   4. **A brief description of any motion that has been made, including the date of the motion and whether the motion has been decided.**

In addition to Amdocs' unopposed motion to compel arbitration, filed on September 9, 2013 (Docket No. 26) and granted on September 13, 2013 (Docket No. 33), two contested motions were filed in this matter, both of which have been decided.

First, on September 6, 2013, T-Jat moved this Court for a temporary restraining order, preliminary injunction, and expedited discovery. (Docket No. 15.) On September 13, 2013, the

---

[3] T-Jat filed two additional, unrelated motions before this Court—on September 6 and October 28, 2013—discussed separately in Section 4.

WILMERHALE

Hon. Jesse M. Furman
July 18, 2014
Page 4

Court ordered Amdocs to comply with its contractual obligations and to produce certain documents.  (Docket No. 33.)  On September 16, 2013, the Court clarified that there had been no finding of contractual breaches by Amdocs and that the Court's prior order did "not carry with it a binding substantive interpretation of [contractual] provisions."  (Docket No. 35.)  The TRO expired on September 27, 2013 and was not renewed.  (*See* Docket No. 53.)

Second, on October 28, 2013, T-Jat filed a motion for an anti-suit injunction and other relief, in response to Amdocs' lawsuit filed in Israel against two of T-Jat's senior officers and T-Jat's shareholder.  (Docket No. 64)   On December 9, 2013, the Court preliminarily enjoined Amdocs from prosecuting the Israeli action (which was dismissed shortly afterwards), and denied all other requested relief.  (Docket No. 85.)

There are no currently pending motions before the Court.

   5. **A statement of whether there are any pending appeals.**

There are no pending appeals.

   6. **A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations.**

As part of its order dated September 13, 2013, the Court directed Amdocs to collect, review, and produce certain categories of documents in its possession, by September 27, 2013.  (Docket No. 33.)  Amdocs complied with this directive and updated the Court regarding its compliance in letters filed on September 20 and September 27, 2013.  (Docket Nos. 42 and 48.)  The parties thereafter engaged in extensive, confidential fact and expert discovery over four months in the arbitration.  All discovery in this matter and in the arbitration has been completed.

   7. **A statement describing the status of any settlement discussions, and whether the parties have a joint interest in referral to a United States Magistrate Judge for settlement purposes.**

There are no ongoing settlement discussions, because the case was resolved by the arbitrator's Final Award.

   8. **An estimate of the length of trial.**

Trial has already taken place in arbitration.

WILMERHALE

Hon. Jesse M. Furman
July 18, 2014
Page 5

9. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

All issues between T-Jat and Amdocs were resolved in arbitration, through the issuance of a binding Final Award. Accordingly, there is no need for further proceedings, and Amdocs respectfully requests that the Court dismiss T-Jat's petition with prejudice, and that the case be closed.

Respectfully submitted,

/s/ S. Calvin Walden

S. Calvin Walden