UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

T-JAT SYSTEMS 2006 LTD.,

                Plaintiff,

        v.                      Case No. 1-13-cv-5356 (JMF)

AMDOCS SOFTWARE SYSTEMS
LIMITED et al.,

                Defendant.

-----------------------------------------------------------------X

**REPLY IN SUPPORT OF AMDOCS' CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND FOR THE AWARD OF COSTS AND ATTORNEYS' FEES**

      Amdocs submits this Reply in support of its cross-motion to confirm the arbitration Award and for costs and attorneys' fees, filed August 1, 2014.  Aside from asserting that it "lacks merit" in a two-sentence letter, T-Jat did not oppose Amdocs' motion for costs and attorneys' fees.  Docket No. 109.  T-Jat's August 15, 2014 letter does not even mention Amdocs' cross-motion to confirm the Award.  *Id.*  Though T-Jat says it will provide briefing if the "Court requests," Amdocs respectfully submits that T-Jat was obligated to file any substantive opposition to Amdocs' motions by the date of the letter, the agreed-to deadline for T-Jat's opposition that the Court ordered.  *See* Docket No. 101.  T-Jat did submit a reply brief in further support of its own motion to vacate on August 8 ("T-Jat Reply"), and there are at least two incorrect assertions in T-Jat's Reply that further demonstrate why Amdocs' cross-motion for fees should be granted.

      *First*, T-Jat's Reply asserts that Amdocs' August 1 response ("Amdocs Opp'n") "seeks to substitute a counter-version of the facts."  T-Jat Reply at 2.  However the facts presented to this

Court by Amdocs were not a "counter-version," but were instead the facts found by the Arbitrator and conclusively *demonstrated* by Amdocs at the arbitration hearing. The facts showed no misappropriation by Amdocs of any T-Jat technology. T-Jat's brief, in contrast, fails to cite to the Arbitrator's findings and instead makes new unfounded assertions contradicted by its own Hearing evidence. As but one example, in footnote 1 of its Reply T-Jat cites to a T-Jat "API Specification" that it implies was misappropriated—but the evidence at the Hearing established that there was not a *single* T-Jat API that was copied by Amdocs. *See* Feb. 20 Hr'g Tr. (T-Jat Ex. G) at 855:5-8, 879:14-18, 919:7-17 (testimony from *T-Jat's* expert conceding that he looked for, but could not find, a single API, algorithm, or piece of source code that had been copied by Amdocs). T-Jat then claims that there are additional documents supporting its position that "were not introduced as exhibits at the arbitration hearing." T-Jat Reply at 2 n.1. But if those exhibits were not introduced at the arbitration hearing, *how can they be relevant to a motion to vacate an arbitration award?*

*Second*, T-Jat continues to misleadingly conflate the two Amdocs products that were at issue in the arbitration hearing—UC and LoopMe—in its attempt to show that the Arbitrator's failure to find misappropriation "strains credulity." T-Jat Reply at 6-9. T-Jat asks facetiously whether there was a "second knockoff" (*id.* at 9), but as the Arbitrator found, there were *no knockoffs*. *See* Amdocs Opp'n at 8.[1] Amdocs simply never replaced T-Jat with respect to the LoopMe product, and Amdocs never misappropriated T-Jat technology in making the UC product.

T-Jat's Reply does not take issue with Amdocs' recitation of the relevant legal standards,

---

[1] In finding a "complete lack of evidence of misappropriation" (Award at 16) the Arbitrator was referring to a failure to prove copying or misuse, which is what both the NDA and trade secret law prohibit. NDA (T-Jat Ex. 1) at ¶ 2, 4(b).

which requires that T-Jat demonstrate intentional defiance of the law rather than mere error by the Arbitrator. Amdocs Opp'n at 13. T-Jat's grievance—as demonstrated by its repeated failure to rely on the Arbitrator's factual findings—is not about manifest disregard; it is a disagreement with the Arbitrator's findings. Even after Amdocs filed its motion for sanctions, T-Jat's Reply continues to relitigate T-Jat's case and, indeed, seeks to introduce *new* facts for this Court's consideration. This is sanctionable conduct.

For the reasons detailed in Amdocs' August 1, 2014 brief, the Court should grant Amdocs' motion to confirm the Award and for costs and attorneys' fees.

Dated: August 22, 2014

S. Calvin Walden (SW3266)
Sanket J. Bulsara (SB0679)
Violetta G. Watson (VW6781)
WILMERHALE LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8000
(212) 230-8888 (fax)

*Attorneys for Defendants
Amdocs Software Systems Limited,
Amdocs Limited and Amdocs, Inc.*